LEWIS, Executrix, etc., v. ADAMS.[*]

No. 9979; August 24, 1885.

7 Pac. 779.

New Trial—Intendments in Favor of Order Granting.—Every intendment is in favor of an order granting a new trial, and it must appear on appeal from the order that prejudicial error or abuse of discretion has been committed, or the order must be affirmed.

A Foreign Executrix cannot Maintain an Action in the Courts of California without first obtaining ancillary letters of administration or testamentary.

Where the Statute of Limitations is Set Up as a Defense, a Finding that "all the allegations of plaintiff's complaint are true" is not a finding as to the issue of the statute of limitations.

APPEAL from Superior Court, Los Angeles County.

Victor Montgomery and Smith, Brown & Hutton for appellant; Thom & Stevens for respondent.

McKEE, J.—Appeal from an order granting a new trial. It is axiomatic in law that on such an appeal the appellant must make it affirmatively appear that error or abuse of discretion has been committed in granting the order. Neither will be presumed. Every intendment is in favor of the order, and unless that is overcome by something in the record of the case upon which the order was made, or unless it has been

---

[*]Reversed in bank, 70 Cal. 403, 11 Pac. 883.

made upon some proposition which, considered in itself, is prejudicially erroneous, the order must be affirmed. There is nothing in the record to overcome the presumption in favor of the correctness of the order. On the contrary, the record makes the presumption conclusive. The suit was on a judgment. From the original complaint it appears that the plaintiff was duly appointed by the probate court of Bexar county, in the state of Texas, executrix of the will of Nat. Lewis, deceased; and, in that capacity, she recovered in the district court of said county and state, on the fifteenth day of March, 1877, a judgment for twelve thousand nine hundred and forty-two dollars, and costs against the defendant, P. T. Adams. On that alleged judgment the executrix brought suit in the superior court of Los Angeles county, in this state, against the said Adams, without first obtaining ancillary letters of administration. The suit was commenced on the 15th of February, 1882. On the 8th of July, 1884, more than five years after the date of the judgment, the plaintiff, by leave of the court, amended her complaint by inserting after the word "Adams," in the title of the cause, the names of Joseph Collins, John H. Kennedy and James A. Dalyrample, and by striking out the word "defendant" wherever it occurs in the complaint and inserting instead thereof the word "defendants"; thus alleging a judgment against P. T. Adams, Joseph Collins, John H. Kennedy and James A. Dalyrample, jointly. Adams, by demurrer and answer, resisted recovery on the judgment, on the grounds of (1) incapacity of the plaintiff to sue; (2) nul tiel record; (3) bar of the statute of limitations.

On the trial, the judgment record, given in evidence against defendant's exception, showed that the plaintiff, as executrix of the will of Nat. Lewis, deceased, on the 15th of March, 1877, in the district court of Bexar county, state of Texas, in an action against Adams, Collins & Co., on a partnership liability, recovered judgment for twelve thousand nine hundred and forty-two dollars, and costs, against P. T. Adams, Joseph Collins, James Dalyrample and John H. Kennedy. Adams then proved that he had continuously resided in the state of California since July, 1877, except during a period of about two weeks, when he was absent from the state. On this evidence the court found, "All the allegations of the

plaintiff's complaint, as amended, are true and correct''; did not find upon the issue of the statute of limitations; decided that the plaintiff was entitled to recover against defendant Adams the amount of the judgment, and entered judgment accordingly.

The decision and judgment were erroneous, because (1) the plaintiff, as a foreign executrix, could not maintain an action in the courts of this state without first obtaining ancillary letters of administration, or testamentary. Section 1913, Code of Civil Procedure, declares: " . . . . That the authority of . . . . an executor or administrator does not extend beyond the jurisdiction of the government under which he was invested with authority." The official character of the plaintiff was derived from the letters granted to her in the state of Texas, and as it was confined to the limits of the state it was not recognizable in California; therefore she could not, in that capacity, maintain an action here. If it became necessary for her to sue in this state to recover a debt due to the estate which she was administering in Texas, her first step was to obtain letters of administration from the proper court in this state, by subjecting herself to the regulations prescribed by the laws of the state. Otherwise, her official character cannot be recognized by the courts, and she has no capacity to sue in the courts of the state. (2) The court should have found on the issue of the statute of limitations.

The decision and judgment were therefore properly vacated. Order affirmed.

I concur: Ross, J.

McKINSTRY, J.—I concur in the judgment on the second ground stated in the opinion of Mr. Justice McKee.